# EXHIBIT 1

IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE

| | |
|---|---|
| JACKIE TIDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DOCKET NO. 11987 |
| | ) |
| BIG LOTS STORES, INC., TV PRODUCTS | ) |
| USA, INC. and ZHEJIANG JIANDI | ) |
| TRADING & INDUSTRIAL CO., LTD. | ) |
| | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

2007 AUG 27 PM 1:21

FILED
KATHY KELLEY
CIRCUIT COURT CLERK
MAURY CO., TN

## FIRST AMENDED COMPLAINT

Comes the plaintiff and for cause of action against the defendants states as follows:

### INTRODUCTION

1. This case arises out of serious personal injuries sustained by Jackie Tidwell when hot liquid candy spilled on her after the handle of a pot broke.

### PARTIES

2. The plaintiff, Jackie Tidwell, is a citizen and resident of Maury County, Tennessee.

3. The defendant Big Lots Stores, Inc. ("Big Lots") is a corporation incorporated under the laws of the State of Ohio and having its principal office at 300 Phillipi Road, Columbus, Ohio. Said defendant is authorized to and does business in

1

Tennessee. Big Lots operates multiple Big Lots stores in Tennessee, including a Big Lots store in Columbia, Maury County, Tennessee. Big Lots' registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. The defendant TV Products USA, Inc. ("TV Products") is a corporation incorporated under the laws of the State of New York and having its principal executive office at 230 5th Avenue, Suite 605, New York, New York, 10001. Its chairman or chief executive officer is Mr. Kishore M. Samtani, 230 5th Avenue, Suite 605, New York, New York, 10001. Service of process on TV Products may be made on Mr. Samtani.

5. The defendant Zhejiang Jiandi Trading & Industrial Co., Ltd. ("Jiandi") is a foreign limited liability company. Upon information and belief, said defendant is organized under the laws of China. Its principal address is Shihou Industrial Zone, Yongkang, Zhejiang, China (mainland) 321306.

## JURISDICTION AND VENUE

6. This case arises out of injuries to Jackie Tidwell that occurred in Maury County, Tennessee as a proximate result of the failure of a product purchased at the Big Lots store in Maury County, Tennessee. TV Products placed its defective and unreasonably dangerous product, a pot that was part of a cookware set, into the stream of commerce of the United States such that it was reasonably foreseeable that a citizen and resident of the State of Tennessee would suffer injury and said defendant would be subjected to jurisdiction in this State pursuant to Tennessee's long arm statute. Additionally, TV Products knew that its products were marketed

2

by and through national retailers such as Big Lots and Wal-Mart and would be sold, and used by consumers, in Tennessee. TV Products derived substantial revenue from goods sold and used in the State of Tennessee. Jiandi manufactured and sold the defective and unreasonably dangerous pot, which was part of a cookware set, under circumstances such that it was readily foreseeable that the cookware set would be exported to the United States and sold by a retail store such as Big Lots to its ultimate purchaser in the State of Tennessee. Said defendant derives substantial revenue from goods sold and used in the State of Tennessee. This Court has jurisdiction over the parties and the subject matter of this action, and venue lies with this Court.

## FACTUAL BACKGROUND

7. In approximately July, 2006, Jackie Tidwell purchased a cookware set from Big Lots at the Big Lots retail store located at 1301 South James Campbell Boulevard, Columbia, Maury County, Tennessee. Big Lots was the retail seller of the cookware set.

8. The cookware set was packaged in a Gourmet Trends™ box also bearing the name TV Products™. Gourmet Trends™ is a TV Products trademark as is TV Products™. TV Products was a distributor and wholesaler of the cookware set, which included the pot on which the handle broke and injured Jackie Tidwell. TV Products sold the cookware set to Big Lots.

9. The cookware set was manufactured by the defendant Jiandi in China.

10. On December 24, 2006, Jackie Tidwell was making candy in her home at 3921 General Lee Road, Culleoka, Maury County, Tennessee. She was heating a

candy mixture on a stove in one of the pots purchased from Big Lots as part of the set of Gourmet Trends™ cookware. After the candy mixture reached the proper temperature, Ms. Tidwell lifted the pot by its handle in order to pour the mixture into a dish to cool. Before she could pour the mixture into the dish, the pot's handle broke, spilling the hot liquid candy mixture onto Jackie Tidwell. The hot liquid candy mixture was sticky and adhered to Ms. Tidwell's skin. The hot liquid candy mixture caused serious burn injuries to Jackie Tidwell.

11. The pot whose handle broke was sold, manufactured, distributed and wholesaled by defendants and was defective and unreasonably dangerous. Its manufacturing and design were deficient and created a substantial and unjustifiable risk that the handle would fail under conditions of normal use. An ordinary consumer who purchased a pot as part of a set of cookware would not expect the pot's handle to break when it was being moved from a stovetop. Likewise, a reasonably prudent seller would not put a pot on the market whose handle might break when the pot was being carried by its handle. Jackie Tidwell was using the pot properly, and it was or should have been foreseeable to defendants that someone using the pot to heat liquids on a stove would be injured when the handle broke.

## CAUSES OF ACTION

### Breach of Implied Warranty of Merchantability

12. The defendants impliedly warranted that the set of cookware purchased by Jackie Tidwell from Big Lots, including the pot whose handle broke and injured

4

Jackie Tidwell, was fit for the ordinary purposes for which such goods are used, including heating a candy mixture on a stove and lifting a pot containing such a candy mixture by its handle. The defendants accordingly breached their implied warranty of merchantability and are liable to plaintiff for all consequential damages proximately caused by their breach of warranty.

13. Plaintiff specifically pleads and relies upon T.C.A. § 47-2-314, which provides in relevant part as follows:

> (1) Unless excluded or modified (§ 47-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
>
> (2) Goods to be merchantable must be at least such as:
> (a) pass without objection in the trade under the contract description; and
> (b) in the case of fungible goods, are of fair average quality within the description; and
> (c) are fit for the ordinary purposes for which such goods are used; and
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
> (f) conform to the promises or affirmations of fact made on the container or label if any.

### Strict Liability

14. The pot, including the handle, sold, manufactured, distributed and wholesaled by defendants was defective and/or unreasonably dangerous at the time

5

it left the control of each defendant. Accordingly, defendants are strictly liable in tort for plaintiff's injuries and damages pursuant to the Tennessee Products Liability Act of 1978, T.C.A. § 29-28-101, et seq.

### Negligence

15. Defendant Jiandi negligently manufactured and designed the pot, and all defendants knew or should have known of its defective and dangerous condition such that selling it and placing it into the stream of commerce was negligent. Defendants negligently failed to conduct appropriate testing to determine the safety of Gourmet Trends™ cookware sets, including the set sold to Jackie Tidwell that contained the pot that caused her injuries.

### Failure to Warn

16. Defendants knew or should have known that the pot's handle was likely to break and cause injury but negligently and carelessly failed to warn foreseeable users of the pot such as Jackie Tidwell of its defective and dangerous properties.

### DAMAGES

17. As a proximate result of defendants' wrongful conduct described above, Jackie Tidwell suffered serious, painful and disfiguring injuries. Jackie Tidwell has undergone skin grafting, has incurred substantial medical bills and will continue to incur medical bills in the future. Jackie Tidwell has endured pain and suffering and will continue to endure pain and suffering in the future. She has also suffered a loss of enjoyment of life, both past and future. Jackie Tidwell has sustained a loss of

earnings and a loss of earning capacity. Her injuries are disabling and disfiguring, and Jackie Tidwell will retain permanent scarring as well as a permanent impairment and disability.

WHEREFORE, the plaintiff, Jackie Tidwell, sues the defendants, and each of them, for compensatory damages in an amount not to exceed $950,000.00 as well as all costs allowed by law and such other and further relief to which she may be entitled. Plaintiff further demands a jury to try this cause.

NORRIS & NORRIS, PLC

*[signature]*

John L. Norris (BPR #6007)
Christina Norris (BPR #6599)
Fifth Third Center
424 Church Street, Suite 1300
Nashville, Tennessee 37219
(615) 627-3959

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2007, a copy of the foregoing First Amended Complaint was forwarded via U.S. Mail, postage prepaid to:

| Joy Day, Esquire | Janet Strevel Hayes, Esq. |
|---|---|
| SUTTER, O'CONNELL & FARCHIONE | 620 Market Street, Fifth Floor |
| 341 Cool Springs Boulevard, Suite 430 | Post Office Box 2425 |
| Franklin, Tennessee 37067 | Knoxville, Tennessee 37901 |

*[signature]*

John L. Norris

7