DAVID GRAFF (DG JUDGE HELLERSTEIN

**13 CV 4867**

SHVETA KAKAR (SK0311)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Dgraff@andersonkill.com
Skakar@andersonkill.com

*Attorneys for Plaintiff Jackie Tidwell*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE TIDWELL | |
| Plaintiff, | |
| vs. | |
| ZHEJIANG JIANDI TRADING & INDUSTRIAL CO., LTD. | Index No.: |
| Defendant. | |

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, plaintiff Jackie Tidwell ("Plaintiff") sets forth the following statement of undisputed material fact in support of her motion for summary judgment in lieu of complaint:

1.      On or about August 27, 2007, Plaintiff filed an amended complaint with the Circuit Court for Maury County, Tennessee ("Tennessee Circuit Court") for injuries sustained from Defendant's product alleging breach of implied warranty of habitability, strict liability, negligence and failure to warn.   See Declaration of David Graff (hereinafter "Graff Decl.") **Exhibit 1**.

2.      There is no dispute of fact regarding jurisdiction in the Tennessee action as Jiandi manufactured and sold the defective and unreasonably dangerous product and entered it into the stream of commerce thereby deriving substantial revenue from the goods sold and used in the State of Tennessee. See Graff Decl., **Exhibit 1**.

3.      The summons and amended complaint were transcribed in both English and Chinese and sent for service upon Defendant *via* the appropriate Chinese authority. See Graff Decl., **Exhibit 2**.

4.      Plaintiff thereafter moved for judgment by default ("Motion for Judgment by Default") as Defendant refused to accept the documents and failed to answer or otherwise plead as required by law. See Graff Decl., **Exhibit 3**.

5.      Defendant was duly served with a copy of the Motion for Judgment by Default. See Graff Decl., **Exhibit 3**

6.      The Tennessee Circuit Court thus entered an order granting judgment against Defendant ("Order Granting Judgment by Default") on May 27, 2009. See Graff Decl., **Exhibit 4**.

7.      Defendant was duly served with the Order Granting Judgment by Default. See Graff Decl., **Exhibit 4**.

8.      Then, on June 30, 2009, the Tennessee Circuit Court granted judgment in favor of Plaintiff in the amount of $750,000.00 ("Order Granting Judgment"). See Graff Decl., **Exhibit 5**

9.      The Order Granting Judgment was duly served upon Defendant. See Graff Decl., **Exhibit 5**.

10.     The Order Granting Judgment was entered in the Tennessee Circuit Count on July 1, 2009 and is now rendered final. Defendant's time to appeal said Judgment has expired and is

2

{10847614:1}

time barred pursuant to Rule 4(a) of the Tennessee Rules of the Appellate Procedure requiring the notice of appeal be filed within 30 days after the entry of the docket of a judgment. See Graff Decl., **Exhibit 5**.

11.     To date, Defendant has utterly failed to respond to or acknowledge either of the Tennessee Circuit Court's orders and has failed to pay the Plaintiff the $750,000.00 that is due and owed. See Graff., Decl.,¶9.

12.     Plaintiff's motion for summary judgment in lieu of complaint has been brought pursuant to Federal Rule of Civil Procedure 69 and CPLR § 3213 for the domestication of the Order Granting Judgment by Default and Order Granting Judgment rendered by the Tennessee Circuit Court.   Specifically, the Order Granting Judgment rendered a judgment in Plaintiff's favor in the sum of $750,000.00 See Graff Decl., **Exhibit 5**.

Dated: New York, New York
       July 12, 2013

                          **ANDERSON KILL & OLICK, P.C.**

                  By: _____
                              David Graff, Esq,

                          1251 Avenue of the Americas
                          New York, New York 10020
                          (212) 278-1000
                          dgraff@andersonkill.com

                          *Attorneys for Plaintiff*
                          *Jackie Tidwell*

3